IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-CV-306-M

| | | |
|---|---|---|
| BRANDON MCCOY,<br><br>Plaintiff,<br><br>v.<br><br>TAILORED BRANDS, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER AND<br>MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the court on Plaintiff Brandon McCoy's application to proceed *in forma pauperis*, [DE-2], and for frivolity review of the complaint, [DE-1], pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and his application to proceed *in forma pauperis* is allowed, but it is recommended that Plaintiff's claims be dismissed without prejudice for failure to state a claim.

**I. Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual

allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . .'" *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Discussion

Plaintiff filed a complaint against his former employer, Tailored Brands, Inc., *d/b/a* Men's Warehouse ("Defendant"); Shane Smith, Corporate Human Resources Director; and Quinn Wright, Manager/Employee, alleging employment discrimination based on race, color, ethnicity, and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq.,

("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., ("ADA"). [DE-1]. Plaintiff also attached a charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") dated February 3, 2026, and a right-to-sue letter issued by the EEOC on February 11, 2026. [DE-1-1, -1-2]. Plaintiff seeks compensatory and punitive damages. Compl. [DE-1] at 4.

In the complaint, Plaintiff alleges that he has a diagnosed anxiety disorder that was known to Defendant during his employment; on or about October 2, 2025, Smith informed him by telephone that an employee from a neighboring business accused Plaintiff of following a woman into a restaurant and approaching her and that a police report had been filed regarding the accusation; Plaintiff later confirmed that no law enforcement action was taken; between October 2 and 4, Plaintiff attempted to gain clarification from Smith and Wright regarding the allegations, but they refused to provide information and treated Plaintiff in a "hostile and dismissive manner" in communications regarding the incident; Smith's and Wright's actions caused Plaintiff emotional distress, worsened Plaintiff's anxiety condition, and interfered with Plaintiff's employment and sense of safety in the workplace; and Plaintiff was treated differently because of his color, race, ethnicity, and disability. *Id.* In the EEOC charge, Plaintiff stated as follows:

> I am employed with Men's Warehouse as a Sales Consultant. Recently in [sic] October 2, 2025 I was accused by my employer of following a woman from my job to a restaurant. The police told my employer that the police found no evidence of me following this female. This incident triggered my anxiety. I feel as though I am being profiled. I have not returned to work since this incident. Due to this incident, I don't believe that I'll come back to work. I just don't want to be there.
>
> I believe I was discriminated against based on race and color in violation of title [sic] VII of the Civil Rights Act of 1964 as amended and disability in violation of the Americans with Disabilities Act of 1990.

[DE-1-1] at 1.

### A. Individual Defendants

First, Title VII and the ADA authorize remedies against employers and not individuals. *See Williams-Grogans v. Dejoy*, No. 5:22-CV-189-FL, 2022 WL 10146076, at *1 (E.D.N.C. Oct. 17, 2022) (citing *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (concluding Title VII forecloses individual liability); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (concluding the ADA does not permit actions against individual defendants)). Accordingly, the claims against Smith and Wright should be dismissed.

### B. Title VII Claims

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discimin[ating] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C § 2000e-2(a). Here, Plaintiff alleged discrimination based on his race, color, and ethnicity, but there are no factual allegations in the complaint that constitute direct evidence of discrimination based on these characteristics, and Plaintiff's allegation that he believes he was treated differently because of his race, color, and ethnicity, without and facts to support this belief, is conclusory and insufficient to constitute direct evidence of discrimination.

Absent direct evidence of discrimination, "the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)), *aff'd*, 566 U.S. 30 (2012). "Although an employee need not prove a prima facie case of discrimination to survive a motion to dismiss, he must state a plausible right to relief." *Ofoche v. Apogee Med. Grp.*,

*Va., P.C.*, 815 F. App'x 690, 692 (4th Cir. 2020) (citing *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017)). The complaint must contain allegations from which the court could find that the defendant took adverse employment action against the plaintiff because of a protected characteristic. *See McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Plaintiff has failed to allege any facts about his race, color, or ethnicity; satisfactory job performance; that he was treated differently from similarly situated employees based on his race, color, or ethnicity; or that adverse employment action was taken because of these protected characteristics. *See Nordan v. Wal-Mart Stores E. LP*, No. 4:24-CV-176-M-KS, 2025 WL 2408545, at *3 (E.D.N.C. July 21, 2025) (finding Title VII discrimination claim subject to dismissal for failure to allege adverse employment action was taken because of plaintiff's protected characteristic), *report and recommendation adopted*, 2025 WL 2405512 (E.D.N.C. Aug. 19, 2025). Therefore, the Title VII discrimination claim against Defendant should be dismissed.

Plaintiff also alleged that Smith and Wright treated him in a hostile manner. Compl. [DE-1] at 4. To the extent Plaintiff attempts to allege a hostile work environment claim based on harassment, it also fails. A hostile work environment is characterized as a workplace "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). To bring a hostile work environment claim, a plaintiff must allege facts that tend to show "the offending conduct (1) was unwelcome, (2) was because of [his] sex [or race], (3) was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment, and (4) was imputable to [his] employer." *Berry v. S. States Coop., Inc.*, No. 5:17-CV-635-FL, 2018 WL 4365499, at *2 (E.D.N.C. Sept. 13, 2018) (quoting

*Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011)). Critically, an employee must also allege facts to support a finding that his protected characteristic under Title VII was the "but for" cause of the alleged harassment. *Coleman v. Altec, Inc.*, No. 5:16-CV-954-D, 2018 WL 4289610, at *3 (E.D.N.C. Sept. 7, 2018) (citing *Gilliam v. S.C. Dep't of Juv. Just.*, 474 F.3d 134, 142 (4th Cir. 2007)). "The standard for proving an abusive work environment is intended to be a high one because it is designed to 'filter out complaints attacking the ordinary tribulations of the workplace.'" *Dortch v. Cellco P'ship*, 770 F. App'x 643, 645 (4th Cir. 2019) (citation omitted).

Plaintiff's allegation that he was treated in a "hostile and dismissive manner" in communications regarding the incident is insufficient to state a plausible claim for hostile work environment. Plaintiff has not alleged facts that tend to show the alleged hostile and dismissive treatment was because of his race, color, or ethnicity or that it was sufficiently severe or pervasive. *See E.E.O.C. v. Fairbrook Med. Clinic, P.A.*, 609 F.3d 320, 328 (4th Cir. 2010) ("Activities like simple teasing, offhand comments, and off-color jokes, while often regrettable, do not cross the line into actionable misconduct.") (citation omitted); *Williams v. Pitt Cnty. Bd. of Educ.*, No. 4:18-CV-32-BR, 2020 WL 1503463, at *4 (E.D.N.C. Feb. 18, 2020) ("In the specific incidents described by Williams, there are no allegations that Curry or Weathington used slurs or other incendiary language and no allegations from which the court could infer that the offensive conduct was motivated by age or race.") (citations omitted). Consequently, Plaintiff's hostile work environment claim against Defendant should be dismissed.

**C. ADA Claims**

The ADA prohibits a covered employer from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). "[A]n individual has a 'disability[,]' *inter alia*, if []he has 'a physical or mental impairment that

substantially limits one or more [of his] major life activities[.]" *Coon v. Rex Hosp., Inc.*, No. 5:20-CV-00652-M, 2021 WL 3620282, at *8 (E.D.N.C. Aug. 16, 2021) (quoting 42 U.S.C. § 12102(1)(A)). "In order to properly allege a disability under the ADA, then, a plaintiff must allege: '(1) that he has a physical or mental impairment, (2) that this impairment implicates at least one major life activity, and (3) that the limitation is substantial.'" *Id.* (quoting *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018)). The elements of an ADA discrimination claim are "(1) that [plaintiff] has a disability, (2) that [he] is a 'qualified individual' for the employment in question, and (3) that [his employer] discharged h[im] (or took other adverse employment action) because of h[is] disability." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (quoting *EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir. 2000)).

Plaintiff alleges that he has anxiety, which worsened when Plaintiff attempted to gain clarification from Smith and Wright regarding the incident, but they refused to provide information and treated Plaintiff in a "hostile and dismissive manner," and he believes he was treated differently because of his disability. Compl. [DE-1] at 4. These facts do not tend to show that Plaintiff suffered an adverse employment action because of his anxiety, and the allegation that he believes that he was is conclusory and, therefore, insufficient to state a plausible ADA discrimination claim. *See See Chisholm v. Mountaire Farms of N.C. Corp.*, 629 F. Supp. 3d 368, 375 (M.D.N.C. 2022) (dismissing ADA discrimination claim where the complaint was "devoid of factual allegations which suggest that Mountaire Farms fired Chisholm because of his disability."). Accordingly, the ADA discrimination claim against Defendant should be dismissed.

## III. Conclusion

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is allowed, and it is recommended that Plaintiff's claims be dismissed without prejudice.

IT IS HEREBY DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **August 20, 2026** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright*, 766 F.2d at 846–47.

Submitted, this 6 day of August, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge